PinilisHalpern, LLP
Gabriel H. Halpern (#020371985)
160 Morris Street
Morristown, New Jersey 07960
Tel. (973) 401-1111
Fax (973) 401-1114

The Vespi Law Firm
547 Union Blvd.
Totowa, New Jersey 07660
Attorneys for Plaintiff
File No. 11848

UNITED STATED DISTRICT COURT
DISTRICT OF NEW JERSEY

GERARD "JERRY" SPEZIALE,

   Plaintiff,

vs.

PORT AUTHORITY OF NEW YORK/NEW JERSEY, DAVID WILDSTEIN, MICHAEL FEDORKO, JOHN DOES 1-10 and ABC CORPS. 1-10,

   Defendants.

Civil Action No.

## VERIFIED COMPLAINT

Plaintiff, Gerald "Jerry" Speziale by way of complaint against Defendants says:

### FIRST COUNT

1. Plaintiff Gerald "Jerry" Speziale ("Speziale"), is a citizen of the state of New Jersey residing at 13 Stone Hill Road, Wayne, New Jersey.

2. Defendant Port Authority of New York/New Jersey ("Port Authority") is a bi-state agency of the states of New York and New Jersey.

3. In 2010, Speziale was serving as the elected Sheriff of Passaic County New Jersey.

4. In or around the spring of 2010, Speziale was contacted by David Wildstein ("Wildstein"), a Director of the Port Authority appointed by Governor Christie, and was offered a position as a Deputy Superintendent of the Port Authority Police Department by Wildstein and William Baroni.

5. Specifically, Wildstein indicated that Speziale was being brought on to rout out corruption and to reduce excessive and reckless spending within the Port Authority.

6. Speziale was to be responsible for overseeing the Port Authority Police Department, which consists of approximately 1,700 officers. Specifically Speziale was to be responsible for the day-to-day operations of the Police Department. Further, because of his prior experience with several law enforcement agencies, Speziale was to be the liaison with all outside law enforcement agencies.

7. At the time of being offered the position, Speziale was running for reelection as a democrat for the position of the Passaic County Sheriff.

8. Wildstein indicated that it was anticipated that Speziale would be the successor for the position of Superintendent of the police department, which was then held by Defendant Michael Fedorko.

9. Speziale accepted the position of Deputy Superintendent of the Port Authority Police Department.

10. During the first week of his employment at the Port Authority, Superintendent Michael Fedorko ("Fedorko") had Speziale in his office and warned Speziale that he was making

a substantial amount of money in his newly appointed position, that he should not interfere with any operations of the Port Authority, and intimated that Speziale should essentially do nothing.

11. Notwithstanding the aforesaid warning of Superintendent Fedorko, Speziale immediately began engaging in his duties, as described to him by Director Wildstein.

12. During the course of his employment, Speziale became aware of, and reported numerous instances of illegal conduct, improper conduct and abusive conduct including, without limitation:

    a. Speziale became aware that a summons was issued to Superintendent Fedorko's vehicle in Newark. Speziale learned that a false affidavit was prepared by Port Authority personnel in order to have the ticket dismissed.

    b. In further investigating the matter Speziale discovered numerous unpaid parking tickets for Fedorko's vehicle in or around the home of a woman that was purportedly the girlfriend of Fedorko (a subordinate of Fedorko at the Port Authority). Fedorko was notified that the media was investigating these unpaid tickets and Fedorko immediately paid the tickets using his credit card.

    c. Fedorko's purported girlfriend had received a ticket in Brooklyn. Fedorko arranged for Port Authority officers, while on duty, to accompany her to court to have the ticket "dismissed".

    d. Numerous other instances of using Port Authority vehicles, and a paid Port Authority driver, for non Port Authority related trips to Atlantic City and elsewhere.

    e. Extensive abuses of overtime including, without limitation, officers seeking overtime for municipal court appearances for which they never showed up to; taking extended lunches and thereafter using overtime to complete tasks, which could have been completed during normal working hours.

    f. Falsifying accident reports to appear that the accidents happened while on duty or within the jurisdiction of the Port Authority or other instances in which they were not on duty.

    g. Vehicles being driven in excess of 100 mph in non-emergency situations.

    h. Officers taking unauthorized comp time to travel on vacation.

      i.     Reporting that officials had fake law enforcement credentials.

      j.     Reporting that officers were illegally listening in on conference calls.

13.    Upon learning of the foregoing, Speziale reported the aforesaid illegal conduct to his superiors either directly or indirectly, including without limitation, Superintendent Fedorko, Director David Wildstein, William Baroni, Joseph Dunne, Tom Belifore, Claudia Dickey and others.

14.    In November 2011, Speziale met with Executive Director Patrick Foye to review the foregoing. Foye advised Claudia Dickey that he was unable to assist Speziale because of "New Jersey Politics".

15.    As a result of the aforesaid reporting of illegal conduct, the Port Authority took adverse employment actions against Speziale including, without limitation:

    a.    Not extending invitations to public events, which would normally be attended by the Deputy Superintendent of the Port Authority including, without limitation, annual commemoration ceremonies for September 11, 2001, holiday parties and professional law enforcement dinners to which he had received invitations.

    b.    Removing his assigned vehicle notwithstanding that both superiors and individuals of lower rank all had vehicles assigned to them.

    c.    Instituting an inquiry against Speziale for using his vehicle in responding to fires in Wayne, New Jersey notwithstanding that the New Jersey Volunteer Firefighter Act expressly requires employers to allow employees to respond to such emergencies.

    d.    Refusing to allow Speziale to obtain security credentials so that he would have clearance for Port Authority facilities, in the event of an emergency. Accordingly, in the event there was an emergency, Speziale would have to be escorted through a facility by a lower ranking officer and, if none were available, Speziale would be unable to respond to an emergency.

    e.    Being assigned to perform trivial and meaningless tasks in order to detract him from continuing his investigations into criminal conduct and abuses by Port Authority personnel.

    f.    Daily harassment, intimidation and demeaning conduct through the date of his resignation.

    g.    Denying him FMLA benefits for his wife who was terminally ill with Cancer and specifically refusing to allow him to accompany her for treatment in Texas.

    h.    Denying him "injury on duty" benefits for an automobile accident while in transit to Port Authority, while allowing such benefits for numerous other individuals injured under similar circumstances or while using their vehicles on weekends.

    i.    Cutting off medical benefits for his terminally ill wife.

    j.    Hacking into his Facebook account.

    k.    Had unauthorized personnel pull and review his personnel records in violation of Port Authority policy.

    l.    Had Speziale watched by Special Services.

16. In addition to the foregoing Speziale was demeaned, intimidated, harassed and caused to suffer personal and emotional distress up until the day he left his position. Speziale was ostracized by his subordinates.

17. As a result of the aforesaid conduct, Speziale was constructively discharged by the Port Authority.

18. Accordingly, Speziale was unable to bear the continual harassment and intimidation and had no alternative but to resign and accept a substantially lower paying job in Alabama, from a community that was in bankruptcy.

## FIRST COUNT
### (Violation of CEPA)

1. Plaintiff repeats the allegations of the previous paragraphs as if set forth at length herein.

2. CEPA prohibits an "employer" from taking any retaliatory action against an

5

employee who provides information to any public body conducting an investigation, hearing or inquiry into any violation of law, N.J.S.A. 34:19-3.

3.  N.J.S.A. 34:11-56(a)(24) prohibits any employer from discharging or discriminating against an employee because the employee made a complaint to his employer or their representatives.

4.  As a proximate result of Plaintiff's protected activities, the Defendants through their agents, servants and supervisory employees, and JOHN DOES and ABC Corps., retaliated by discharging the Plaintiff, in violation of CEPA, N.J.S.A. 34:19-3(b).

5.  The conduct of supervisory employees, agents and servants of the Defendants and JOHN DOES and ABC CORPS., in the retaliatory discharge of the Plaintiff was particularly egregious and involved willful indifference or actual participation by the Defendants.

6.  The Plaintiffs suffered by reason of the above conduct and tangible adverse job consequences.

7.  As a proximate result of the wrongful conduct of Defendants, Plaintiff has suffered a substantial loss of income and the pecuniary harm, diminishment of career opportunity, harm to his business and personal reputation, humiliation, emotional anguish and other irreparable harm, pain and suffering.

**WHEREFORE**, Plaintiff demands judgment against the Defendants, Port Authority of New York/New Jersey, David Wildstein, and Michael Fedorko, jointly and severally, on the First Count of this Complaint as follows:

    a.    for an Order awarding pecuniary damages, exemplary and/or special damages together with prejudgment interest, at the highest legal rate;

    b.    for an Order awarding compensatory damages, including but not limited to, back pay and future pay together with prejudgment interest at the

      highest legal rate as well as damages for pain and suffering and emotional distress;

c.     for an Order awarding reimbursement of litigation expenses, including reasonable attorneys' fees, expert fees and other costs of suit; and

d.     for an Order awarding such other and further relief as this Court may deem appropriate and equitable in the premises.

## SECOND COUNT
### (Retaliatory Discharge)

1. Plaintiff repeats the allegations of the previous counts as if set forth at length herein.

2. The retaliatory discharge of the Plaintiff for engaging in protected activity by the Defendants was contrary to the law of this state and contrary to the clear mandates of public policy of this state.

3. As a proximate result of the wrongful conduct of the Defendants, and through their agents, servants and supervisory employees, JOHN DOES and ABC CORPS, Plaintiff has suffered a substantial loss of income and other pecuniary harm, diminishment of career opportunities, including but not limited to failing to promote to a sworn position, harm to his business and personal reputation, humiliation, emotional anguish and other irreparable harm, pain and suffering.

WHEREFORE, Plaintiff demands judgment against the Defendants, Port Authority of New York/New Jersey, David Wildstein and Michael Fedorko, jointly and severally, on the Second Count of this Complaint as follows:

a.     for an Order awarding pecuniary damages, exemplary and/or special damages together with prejudgment interest, at the highest legal rate;

b.     for an Order awarding compensatory damages, including but not limited to, back pay and future pay together with prejudgment interest at the

    highest legal rate as well as damages for pain and suffering and emotional distress;

  c. for an Order awarding reimbursement of litigation expenses, including reasonable attorneys' fees, expert fees and other costs of suit; and

  d. for an Order awarding such other and further relief as this Court may deem appropriate and equitable in the premises.

## THIRD COUNT

1. Plaintiff repeats the allegations of the previous paragraphs as if set forth at length herein.

2. The Defendants' conduct and actions as set forth above were extreme, outrageous and uncommon.

3. As a direct and proximate cause of Defendants' actions, Plaintiff has suffered mental anguish, physical discomfort, pain and suffering, shame and embarrassment and continued mental and/or emotional distress.

4. Furthermore, Plaintiff has suffered lost wages, a diminished ability to earn a living and a diminished capacity to enjoy his life. Moreover, Plaintiff has and/or may have to incur medical expenses for medical and/or psychological counseling and care. Plaintiff's damages have been experienced in the past, and they will continue in the future.

**WHEREFORE**, Plaintiff demands judgment against the Defendants, Port Authority of New York/New Jersey, David Wildstein and Michael Fedorko, jointly and severally, on the Third Count of this Complaint as follows:

  a. for an Order awarding pecuniary damages, exemplary and/or special damages together with prejudgment interest, at the highest legal rate;

  b. for an Order awarding compensatory damages, including but not limited to, back pay and future pay together with prejudgment interest at the highest legal rate as well as damages for pain and suffering and emotional distress;

    c.    for an Order awarding reimbursement of litigation expenses, including reasonable attorneys' fees, expert fees and other costs of suit; and

    d.    for an Order awarding such other and further relief as this Court may deem appropriate and equitable in the premises.

## FOURTH COUNT

1. Plaintiff repeats the allegations of the previous paragraphs as if set forth at length herein.

2. As a proximate result of Plaintiff's protected activities, the Defendants, through their agents, servants and employees, retaliated by constructively discharging the Plaintiff in violation of CEPA, N.J.S.A. 34:19-3(b), N.J.S.A. 34:11-56(a)(24) and the clear mandates of the public policy of this state.

3. As a proximate result of the wrongful conduct of the Defendants, Plaintiff has suffered substantial loss of income and other pecuniary harm, diminishment of career opportunities, including but not limited to failing to promote to a sworn position, harm to his business and personal reputation, humiliation, emotional anguish and other irreparable harm, pain and suffering.

**WHEREFORE**, Plaintiff demands judgment against the Defendants, Port Authority of New York/New Jersey, David Wildstein and Michael Fedorko, jointly and severally, on the Fourth Count of this Complaint as follows:

    a.    for an Order awarding pecuniary damages, exemplary and/or special damages together with prejudgment interest, at the highest legal rate;

    b.    for an Order awarding compensatory damages, including but not limited to, back pay and future pay together with prejudgment interest at the highest legal rate as well as damages for pain and suffering and emotional distress;

    c.    for an Order awarding reimbursement of litigation expenses, including reasonable attorneys' fees, expert fees and other costs of suit; and

    d.    for an Order awarding such other and further relief as this Court may deem appropriate and equitable in the premises.

## FIFTH COUNT
### (Creation of Hostile Work Environment)

1. Plaintiff repeats the allegations of the previous paragraphs as if set forth at length herein.

2. As a result of the aforesaid conduct, Defendants created a hostile work environment and subjected Plaintiff to intimidation, harassment and conduct designed to marginalize and belittle plaintiff and otherwise injure Plaintiff.

3. As a result of the aforesaid conduct, Plaintiff has suffered damages.

**WHEREFORE**, Plaintiff demands judgment against the Defendants, Port Authority of New York/New Jersey, David Wildstein and Michael Fedorko, jointly and severally, on the Fifth Count of this Complaint as follows:

    a.    for an Order awarding pecuniary damages, exemplary and/or special damages together with prejudgment interest, at the highest legal rate;

    b.    for an Order awarding compensatory damages, including but not limited to, back pay and future pay together with prejudgment interest at the highest legal rate as well as damages for pain and suffering and emotional distress;

    c.    for an Order awarding reimbursement of litigation expenses, including reasonable attorneys' fees, expert fees and other costs of suit; and

    d.    for an Order awarding such other and further relief as this Court may deem appropriate and equitable in the premises.

## SIXTH COUNT
### (FMLA)

1. Plaintiff repeats the allegations of the previous paragraphs as if set forth at

length herein.

2. Plaintiff's wife suffered from a serious medical condition-terminal cancer.

3. Plaintiff sought leave to accompany his wife for treatment of her condition.

4. Defendants denied Speziale leave to allow him to attend treatment for his wife.

5. As a result of the aforesaid conduct, Defendants violated the Family and Medical Leave Act, 29 U.S.C. 2601 et. seq. and New Jersey Family Leave Act N.J.S.A. 34:11B-1 et. seq.

6. As a result of the aforesaid conduct, Plaintiff has suffered damages.

**WHEREFORE**, Plaintiff demands judgment against the Defendants, Port Authority of New York/New Jersey, David Wildstein and Michael Fedorko, jointly and severally, on the Sixth Count of this Complaint as follows:

a. for an Order awarding pecuniary damages, exemplary and/or special damages together with prejudgment interest, at the highest legal rate;

b. for an Order awarding compensatory damages, including but not limited to, back pay and future pay together with prejudgment interest at the highest legal rate as well as damages for pain and suffering and emotional distress;

c. for an Order awarding reimbursement of litigation expenses, including reasonable attorneys' fees, expert fees and other costs of suit; and

d. for an Order awarding such other and further relief as this Court may deem appropriate and equitable in the premises.

## JURY DEMAND

Plaintiff hereby demands a trial by jury an all issues so triable.

## DESIGNATION OF TRIAL COUNSEL

Plaintiff hereby designates Gabriel H. Halpern, Esq. and Damon Vespi, Esq. as trial counsel in the above matter.

PINILISHALPERN, LLP
Attorneys for Plaintiff

Dated: ~~April~~ May 7, 2014         By: _____
                                          GABRIEL H. HALPERN

## VERIFICATION

I have read the foregoing Verified Complaint and all the allegations contained therein. All the allegations in the Verified Complaint are true based on my personal knowledge.

Dated: April 15, 2014         _____
                               Gerard "Jerry" Speziale

12