MARGARET TAYLOR FINUCANE, ESQ. – 024561997
By: Cheryl N. Alterman, Esq. - 013152007
One PATH Plaza
Jersey City, New Jersey 07306
(212) 435-3431 – (201) 216-6370
Attorney for Defendants

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| GERARD "JERRY" SPEZIALE,<br><br>                    Plaintiff,<br><br>v.<br><br>PORT AUTHORITY OF NEW YORK/NEW JERSEY, DAVID WILDSTEIN, MICHAEL FEDORKO, JOHN DOES 1-10 and ABC CORPS 1-10,<br><br>                    Defendants. | DOCKET NO.: 2:14-cv-02890-JLL-JAD<br><br><br>ANSWER TO COMPLAINT, AFFIRMATIVE DEFENSES, AND JURY DEMAND |

       Defendants, The Port Authority of New York and New Jersey, improperly pled as Port Authority of New York/New Jersey, a body corporate and politic of the States of New Jersey and New York, having its principal place of business at 225 Park Avenue South, New York, New York 10003, and Michael Fedorko (hereinafter "Defendants"), in their Answer to the Complaint, say:

<u>FIRST COUNT</u>

       1.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "1" of the Complaint.

       2.     Deny the allegations set forth in paragraph "2" of the Complaint except admit that the Port Authority is a body, corporate and politic, created by Compact between the States of New York and New Jersey with consent of the Congress of the United States.

3.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "3" of the Complaint.

4.      Deny the allegations set forth in paragraph "4" of the Complaint in the form alleged except admit that the Plaintiff was hired as a Deputy Superintendant of the Public Safety Department.

5.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "5" of the Complaint.

6.      Deny the allegations set forth in paragraph "6" of the Complaint in the form alleged except admit that the Plaintiff was hired as a Deputy Superintendant of the Public Safety Department.

7.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "7" of the Complaint.

8.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "8" of the Complaint.

9.      With respect to the allegations set forth in paragraph "9" of the Complaint, admit that the Plaintiff was hired as a Deputy Superintendant of the Public Safety Department.

10.     Deny the allegations set forth in paragraph "10" of the Complaint.

11.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "11" of the Complaint.

12.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "12" of the Complaint.

13.     Deny the allegations set forth in paragraph "13" of the Complaint.

14.     Deny the allegations set forth in paragraph "14" of the Complaint.

15. Deny the allegations set forth in paragraph "15" of the Complaint.

16. Deny the allegations set forth in paragraph "16" of the Complaint.

17. Deny the allegations set forth in paragraph "17" of the Complaint.

18. Deny the allegations set forth in paragraph "18" of the Complaint.

## FIRST COUNT
### (Violation of CEPA)

1. With respect to paragraph "1" of the First Count (Violation of CEPA) of the Complaint, defendants repeat, reiterate and reallege each and every response contained in paragraphs "1" through "18" of the First Count of their Answer, with the same force and effect as if more fully set forth at length herein.

2. Neither admit nor deny the allegations set forth in paragraph "2" of the First Count (Violation of CEPA) of the Complaint because said paragraph states conclusions of law rather than allegations of fact, and respectfully refer all questions of law to the Court.

3. Neither admit nor deny the allegations set forth in paragraph "3" of the First Count (Violation of CEPA) of the Complaint because said paragraph states conclusions of law rather than allegations of fact.

4. Deny the allegations set forth in paragraph "4" of the First Count (Violation of CEPA) of the Complaint.

5. Deny the allegations set forth in paragraph "5" of the First Count (Violation of CEPA) of the Complaint.

6. Deny the allegations set forth in paragraph "6" of the First Count (Violation of CEPA) of the Complaint.

7.   Deny the allegations set forth in paragraph "7" of the First Count (Violation of CEPA) of the Complaint.

**WHEREFORE**, Defendants demand judgment dismissing the Plaintiff's Complaint, together with costs of suit and attorneys' fees.

## SECOND COUNT
### (Retaliatory Discharge)

1.   With respect to paragraph "1" of the Second Count of the Complaint, defendants repeat, reiterate and reallege each and every response contained in paragraphs "1" through "18" of the First Count and paragraphs "1" through "7" of the First Count (Violation of CEPA) of their Answer with the same force and effect as if more fully set forth at length herein.

2.   Deny the allegations set forth in paragraph "2" of the Second Count of the Complaint and respectfully refer all questions of law to the Court.

3.   Deny the allegations set forth in paragraph "3" of the Second Count of the Complaint.

**WHEREFORE**, Defendants demand judgment dismissing the Plaintiff's Complaint, together with costs of suit and attorneys' fees.

## THIRD COUNT

1.   With respect to paragraph "1" of the Third Count of the Complaint, defendants repeat, reiterate and reallege each and every response contained in paragraphs "1" through "18" of the First Count, paragraphs "1" through "7" of the First Count (Violation of CEPA), and paragraphs "1" through "3" of the Second Count (Retaliatory Discharge) of their Answer with the same force and effect as if more fully set forth at length herein.

2. Deny the allegations set forth in paragraph "2" of the Third Count of the Complaint.

3. Deny the allegations set forth in paragraph "3" of the Third Count of the Complaint.

4. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "4" of the Third Count of the Complaint.

**WHEREFORE**, Defendants demand judgment dismissing the Plaintiff's Complaint, together with costs of suit and attorneys' fees.

## FOURTH COUNT

1. With respect to paragraph "1" of the Fourth Count of the Complaint, defendants repeat, reiterate and reallege each and every response contained in paragraphs "1" through "18" of the First Count, paragraphs "1" through "7" of the First Count (Violation of CEPA), paragraphs "1" through "3" of the Second Count (Retaliatory Discharge), and paragraphs "1" through "4" of the Third Count of their Answer with the same force and effect as if more fully set forth at length herein.

2. Deny the allegations set forth in paragraph "2" of the Fourth Count of the Complaint and respectfully refer all questions of law to the Court.

3. Deny the allegations set forth in paragraph "3" of the Fourth Count of the Complaint.

**WHEREFORE**, Defendants demand judgment dismissing the Plaintiff's Complaint, together with costs of suit and attorneys' fees.

## FIFTH COUNT
### (Creation of Hostile Work Environment)

1.  With respect to paragraph "1" of the Fifth Count of the Complaint, defendants repeat, reiterate and reallege each and every response contained in paragraphs "1" through "18" of the First Count, paragraphs "1" through "7" of the First Count (Violation of CEPA), paragraphs "1" through "3" of the Second Count (Retaliatory Discharge), paragraphs "1" through "4" of the Third Count, and paragraphs "1" through "3" of the Fourth Count of their Answer with the same force and effect as if more fully set forth at length herein.

2.  Deny the allegations set forth in paragraph "2" of the Fifth Count of the Complaint and respectfully refer all questions of law to the Court.

3.  Deny the allegations set forth in paragraph "3" of the Fifth Count of the Complaint.

**WHEREFORE**, Defendants demand judgment dismissing the Plaintiff's Complaint, together with costs of suit and attorneys' fees.

## SIXTH COUNT
### (FMLA)

1.  With respect to paragraph "1" of the Sixth Count of the Complaint, defendants repeat, reiterate and reallege each and every response contained in paragraphs "1" through "18" of the First Count, paragraphs "1" through "7" of the First Count (Violation of CEPA), paragraphs "1" through "3" of the Second Count (Retaliatory Discharge), paragraphs "1" through "4" of the Third Count, paragraphs "1" through "3" of the Fourth Count, and paragraphs "1" through "3" of the Fifth Count (Creation of a Hostile Work Environment) of their Answer with the same force and effect as if more fully set forth at length herein.

2. Admit the allegations set forth in paragraph "2" of the Sixth Count of the Complaint based upon information provided by the Plaintiff to the Port Authority's Office of Medical Services.

3. Admit the allegations set forth in paragraph "3" of the Sixth Count of the Complaint.

4. Deny the allegations set forth in paragraph "4" of the Sixth Count of the Complaint.

5. Deny the allegations set forth in paragraph "5" of the Sixth Count of the Complaint and respectfully refer all questions of law to the Court.

6. Deny the allegations set forth in paragraph "6" of the Sixth Count of the Complaint.

**WHEREFORE**, Defendants demand judgment dismissing the Plaintiff's Complaint, together with costs of suit and attorneys' fees.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

1. The Complaint, in whole or in part, fails to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

2. Defendants acted in good faith with respect to the Plaintiff's terms and conditions of employment and as such, enjoy a qualified immunity.

### THIRD AFFIRMATIVE DEFENSE

3.  The Port Authority is a bi-state agency and to the extent it was acting in a government capacity with respect of any of the Plaintiff's claims it is entitled to government immunity.

### FOURTH AFFIRMATIVE DEFENSE

4.  Defendants did not violate any duty owed to the Plaintiff under common law, statutes, regulations or standard.

### FIFTH AFFIRMATIVE DEFENSE

5.  Defendants' conduct was not the proximate cause of the Plaintiff's alleged damages.

### SIXTH AFFIRMATIVE DEFENSE

6.  At all times mentioned in the Complaint and with respect to all matters alleged in the Complaint, the Port Authority fully complied with and followed its rules, regulations and procedures with respect to the Plaintiff's employment with the Port Authority.

### SEVENTH AFFIRMATIVE DEFENSE

7.  To the extent the Complaint seeks punitive damages, this claim must be dismissed inasmuch as the Port Authority is not subject to the imposition of punitive damages.

### EIGHTH AFFIRMATIVE DEFENSE

8.  The Port Authority lacked a retaliatory motive and acted pursuant to a legitimate business reason that did not deter the Plaintiff from engaging in a protected activity.

### NINTH AFFIRMATIVE DEFENSE

9.  The Plaintiff failed to take appropriate steps to mitigate his damages.

## TENTH AFFIRMATIVE DEFENSE

10. The Port Authority was justified in taking those actions it thought necessary with respect to the Plaintiff's employment.

## ELEVENTH AFFIRMATIVE DEFENSE

11. The Plaintiff failed to satisfy the prerequisites for bringing this action against the Port Authority.

## JURY DEMAND

**PLEASE TAKE NOTICE** that Defendants demand a trial by jury on all issues.

**WHEREFORE**, Defendants demand judgment dismissing the Plaintiff's Complaint, together with costs of suit and attorneys' fees.

> MARGARET TAYLOR FINUCANE, ESQ.
> Attorney for Defendants
> THE PORT AUTHORITY OF NEW YORK AND
> NEW JERSEY AND MICHAEL FEDORKO
>
> By: *Cheryl Alterman* (signature)
> Cheryl N. Alterman, Esq.
> 225 Park Avenue South, 13th Floor
> New York, New York 10003
> (212) 435-3431

Dated: July 21, 2014

## PROOF OF SERVICE

I hereby certify that the original and one copy of the within Answer was filed with the United States District Court, District Court of New Jersey, via Electronic Filing. I further certify that the Answer was served via Federal Express upon the following counsel of record on the 21st day of July 2014:

>Gabriel H. Halpern, Esq.
>PinilisHalpern, LLP
>160 Morris Street
>Morristown, New Jersey 07960
>Counsel for Plaintiff

>MARGARET TAYLOR FINUCANE, ESQ.
>Attorney for Defendants
>THE PORT AUTHORITY OF NEW YORK AND
>NEW JERSEY AND MICHAEL FEDORKO

By: _/s/ Cheryl Alterman_
Cheryl N. Alterman, Esq.

Dated: July 21, 2014

-10-