UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

**LAW OFFICES OF ALAN L. ZEGAS**
Alan L. Zegas, Esq.
552 Main Street
Chatham, New Jersey 07928
(973) 701-7080
Attorneys for Defendant,
David Wildstein

| | |
|---|---|
| **GERARD "JERRY" SPEZIALE**<br><br>Plaintiff,<br><br>v.<br><br>**PORT AUTHORITY OF NY/NJ, et al.,**<br><br>Defendants. | Civil Action No. 14-2890 (MCA)(JAD)<br><br>**ANSWER, AFFIRMATIVE DEFENSES, JURY DEMAND AND CROSS CLAIMS OF DAVID WILDSTEIN** |

**THE DEFENDANT DAVID WILDSTEIN** ("Defendant Wildstein"), in his Answer to the Verified Complaint, says:

### FIRST COUNT[1]

1.  Defendant Wildstein lacks sufficient knowledge to form a belief as to the truth or falsity of the allegations contained in Paragraph 1 of the "First Count" and therefore denies these allegations.

2.  Defendant Wildstein admits that the co-Defendant, the Port Authority of New York and New Jersey (the "Port Authority") was created by a Compact between the States of New York and New Jersey. He lacks sufficient knowledge to form a belief as to the truth

---

[1] The Plaintiff has, apparently in a labeling error, included two First Counts in his Verified Complaint. The first one, on pages 1-5, includes Paragraphs 1-18 and the second one, on pages 5-7, includes Paragraphs 1-7. He has also failed to include subheadings for the Third Count and the Fourth Count.

or falsity of the remaining allegations contained in Paragraph 2 of the "First Count" and therefore denies these allegations.

3. Defendant Wildstein lacks sufficient knowledge to form a belief as to the truth or falsity of the allegations contained in Paragraph 3 of the "First Count" and therefore denies those allegations.

4. Defendant Wildstein admits that he was a Director of Interstate Capital Projects at the Port Authority. He denies the remaining allegations contained in Paragraph 4 of the "First Count".

5. Defendant Wildstein denies the allegations contained in Paragraph 5 of the "First Count".

6. Defendant Wildstein denies the allegations contained in Paragraph 6 of the "First Count".

7. Defendant Wildstein lacks sufficient knowledge to form a belief as to the truth or falsity of the allegations contained in Paragraph 7 of the "First Count" and therefore denies those allegations.

8. Defendant Wildstein denies the allegations contained in Paragraph 8 of the "First Count."

9. Defendant Wildstein lacks sufficient knowledge to form a belief as to the truth or falsity of the allegations contained in Paragraph 9 of the "First Count" and therefore denies those allegations.

10. Defendant Wildstein lacks sufficient knowledge to form a belief as to the truth or falsity of the allegations contained in Paragraph 10 of the "First Count" and therefore denies those allegations.

11. Defendant Wildstein denies the allegations contained in Paragraph 11 of the "First Count."

12. Defendant Wildstein lacks sufficient knowledge to form a belief as to the truth or falsity of the allegations contained in Paragraph 12 of the "First Count" and therefore denies those allegations.

13. Defendant Wildstein lacks sufficient knowledge to form a belief as to the truth or falsity of the allegations contained in Paragraph 13 of the "First Count" and therefore denies those allegations.

14. Defendant Wildstein lacks sufficient knowledge to form a belief as to the truth or falsity of the allegations contained in Paragraph 14 of the "First Count" and therefore denies those allegations.

15. Defendant Wildstein lacks sufficient knowledge to form a belief as to the truth or falsity of the allegations contained in Paragraph 15 of the "First Count" and therefore denies those allegations.

16. Defendant Wildstein lacks sufficient knowledge to form a belief as to the truth or falsity of the allegations contained in Paragraph 16 of the "First Count" and therefore denies them.

17. Defendant Wildstein neither admits nor denies the truth or falsity of the allegations contained in Paragraph 17 of the "First Count" because these allegations state conclusions of law. To the extent that Paragraph 17 of the "First Count" states allegations of fact, Defendant Wildstein lacks sufficient knowledge to form a belief as to their truth or falsity and therefore denies them.

18. Defendant Wildstein lacks sufficient knowledge to form a belief as to the truth or falsity of the allegations contained in Paragraph 18 of the "First Count" and therefore denies them.

## FIRST COUNT
(Violation of CEPA)

1. Defendant Wildstein repeats each and every response addressing all of the allegations in the above paragraphs in the Verified Complaint as if fully set forth herein.

2. Defendant Wildstein neither admits nor denies the truth or falsity of the allegations contained in Paragraph 2 of the "First Count (Violation of CEPA)" because they contain conclusions of law. To the extent that Paragraph 2 of the "First Count (Violation of CEPA)" contains allegations of fact, Defendant Wildstein lacks sufficient knowledge to form a belief as to their truth or falsity and therefore denies them.

3. Defendant Wildstein neither admits or denies the truth or falsity of the allegations contained in Paragraph 3 of the "First Count (Violation of CEPA)" because they contain matters of conclusions of law. To the extent that Paragraph 3 of the "Fist Count (Violations of CEPA)" contains statements of fact, Defendant Wildstein lacks sufficient knowledge to form a belief as to their truth or falsity and therefore denies them.

4. Defendant Wildstein neither admits nor denies the truth or falsity of the allegations contained in Paragraph 4 of the "First Count (Violation of CEPA)" because they contain conclusions of law. To the extent that Paragraph 4 of the "First Count (Violation of CEPA)" contains allegations of fact, Defendant Wildstein lacks sufficient knowledge to form a belief as to their truth or falsity and therefore denies them.

5. Defendant Wildstein lacks sufficient knowledge to form a belief as to the truth or falsity of the allegations contained in Paragraph 5 of the "First Count (Violation of CEPA)" and therefore denies those allegations.

6. Defendant Wildstein neither admits nor denies the truth or falsity of the allegations contained in Paragraph 6 of the "First Count (Violation of CEPA)" because they contain conclusions of law. To the extent that Paragraph 6 of the "First Count (Violation of CEPA)" contains allegations of fact, Defendant Wildstein lacks sufficient knowledge to form a belief as to their truth or falsity and therefore denies them.

7. Defendant Wildstein neither admits nor denies the truth or falsity of the allegations contained in Paragraph 7 of the "First Count (Violation of CEPA)" because they contain conclusions of law. To the extent that Paragraph 7 of the "First Count (Violation of CEPA)" contains allegations of fact, Defendant Wildstein lacks sufficient knowledge to form a belief as to their truth or falsity and therefore denies them.

## SECOND COUNT
(Retaliatory Discharge)

1. Defendant Wildstein repeats each and every response addressing all of the allegations in the above paragraphs in the Verified Complaint as if fully set forth herein.

2. Defendant Wildstein neither admits nor denies the truth or falsity of the allegations contained in Paragraph 2 of the Second Count because these allegations state conclusions of law. To the extent that Paragraph 2 of the Second Count states allegations of fact, Defendant Wildstein lacks sufficient knowledge to form a belief as to their truth or falsity and therefore denies them.

3. Defendant Wildstein neither admits nor denies the truth or falsity of the allegations contained in Paragraph 3 of the Second Count because these allegations state

conclusions of law. To the extent that Paragraph 3 of the Second Count states allegations of fact, Defendant Wildstein lacks sufficient knowledge to form a belief as to their truth or falsity and therefore denies them.

### THIRD COUNT

1. Defendant Wildstein repeats each and every response addressing all of the allegations in the above paragraphs of the Verified Complaint as if fully set forth herein.

2. Defendant Wildstein neither admits nor denies the truth or falsity of the allegations contained in Paragraph 3 of the Third Count because these allegations state conclusions of law. To the extent that Paragraph 3 of the Third Count states allegations of fact, Defendant Wildstein lacks sufficient knowledge to form a belief as to their truth or falsity and therefore denies them.

3. Defendant Wildstein neither admits nor denies the truth or falsity of the allegations contained in Paragraph 3 of the Third Count because these allegations state conclusions of law. To the extent that Paragraph 3 of the Third Count states allegations of fact, Defendant Wildstein lacks sufficient knowledge to form a belief as to their truth or falsity and therefore denies them.

4. Defendant Wildstein neither admits nor denies the truth or falsity of the allegations contained in Paragraph 4 of the Third Count because these allegations state conclusions of law. To the extent that Paragraph 4 of the Third Count states allegations of fact, Defendant Wildstein lacks sufficient knowledge to form a belief as to their truth or falsity and therefore denies them.

## FOURTH COUNT

1. Defendant Wildstein repeats each and every response addressing all of the allegations in the above paragraphs of the Verified Complaint as if fully set forth herein.

2. Defendant Wildstein neither admits nor denies the truth or falsity of the allegations contained in Paragraph 2 of the Fourth Count because these allegations state conclusions of law. To the extent that Paragraph 2 of the Fourth Count states allegations of fact, Defendant Wildstein lacks sufficient knowledge to form a belief as to their truth or falsity and therefore denies them.

3. Defendant Wildstein neither admits nor denies the truth or falsity of the allegations contained in Paragraph 3 of the Fourth Count because these allegations state conclusions of law. To the extent that Paragraph 3 of the Fourth Count states allegations of fact, Defendant Wildstein lacks sufficient knowledge to form a belief as to their truth or falsity and therefore denies them.

## FIFTH COUNT
(Creation of Hostile Work Environment)

1. Defendant Wildstein repeats each and every response addressing all of the allegations in the above paragraphs of the Verified Complaint as if fully set forth herein.

2. Defendant Wildstein neither admits nor denies the truth or falsity of the allegations contained in Paragraph 2 of the Fifth Count because these allegations state conclusions of law. To the extent that Paragraph 2 of the Fifth Count states allegations of fact, Defendant Wildstein lacks sufficient knowledge to form a belief as to their truth or falsity and therefore denies them.

3. Defendant Wildstein neither admits nor denies the truth or falsity of the allegations contained in Paragraph 3 of the Fifth Count because these allegations state

conclusions of law. To the extent that Paragraph 3 of the Fifth Count states allegations of fact, Defendant Wildstein lacks sufficient knowledge to form a belief as to their truth or falsity and therefore denies them.

### SIXTH COUNT
(FMLA)

1. Defendant Wildstein repeats each and every response addressing all of the allegations in the above paragraphs of the Verified Complaint as if fully set forth herein.

2. Defendant Wildstein lacks sufficient knowledge to form a belief as to the truth or falsity of the allegations contained in Paragraph 2 of the Sixth Count and therefore denies those allegations.

3. Defendant Wildstein lacks sufficient knowledge to form a belief as to the truth or falsity of the allegations contained in Paragraph 3 of the Sixth Count and therefore denies those allegations.

4. Defendant Wildstein lacks sufficient knowledge to form a belief as to the truth or falsity of the allegations contained in Paragraph 4 of the Sixth Count and therefore denies those allegations.

5. Defendant Wildstein neither admits nor denies the truth or falsity of the allegations contained in Paragraph 5 of the Sixth Count because these allegations state conclusions of law. To the extent that Paragraph 5 of the Sixth Count states allegations of fact, Defendant Wildstein lacks sufficient knowledge to form a belief as to their truth or falsity and therefore denies them.

6. Defendant Wildstein neither admits nor denies the truth or falsity of the allegations contained in Paragraph 6 of the Sixth Count because these allegations state conclusions of law. To the extent that Paragraph 6 of the Sixth Count states allegations of

fact, Defendant Wildstein lacks sufficient knowledge to form a belief as to their truth or falsity and therefore denies them.

**WHEREFORE**, Defendant Wildstein demands judgment dismissing all of the Plaintiff's claims in the Verified Complaint, together with costs of suit and fees and demands judgment in his favor on his own claims against the co-Defendant, the Port Authority.

## SEPARATE AND AFFIRMATIVE DEFENSES

1. The Verified Complaint, in whole or in part, lacks subject matter jurisdiction.

2. The Court, in whole or in part, should not exercise supplemental jurisdiction over the pendent state law claims in this matter.

3. The Verified Complaint, in whole or in part, fails to state a claim upon which relief may be granted.

4. Defendant Wildstein at all relevant times acted in good faith with regard to the Plaintiff's terms and conditions of employment and, therefore, is entitled to qualified immunity.

5. Defendant Wildstein at all relevant times did not have authority to hire or fire Plaintiff.

6. Defendant Wildstein did not owe a relevant duty to the Plaintiff under common law, statues or otherwise, or if he owed such a duty, did not violate it.

7. Defendant Wildstein's conduct did not proximately cause the Plaintiff's alleged damages.

8. The circumstances presented in this case do not warrant, legally or factually, an award of punitive damages to Plaintiff.

9. Defendant Wildstein did not retaliate against the Plaintiff, nor did he intend to so retaliate.

10. At all relevant times, Defendant Wildstein acted within the scope of his responsibilities as a Port Authority employee and for legitimate business reasons.

11. Plaintiff did not take steps to mitigate his damages.

12. Plaintiff's Verified Complaint is barred by the applicable statute(s) of limitation.

13. Plaintiff cannot prove that he suffered damages as a result of Defendant Wildstein's conduct.

14. Plaintiff did not satisfy the requirements for bringing this action against the Port Authority or against Defendant Wildstein.

**WHEREFORE**, Defendant Wildstein demands judgment dismissing all of the Plaintiff's claims in the Verified Complaint, together with costs of suit and fees and demands judgment in his favor on his own claims against Defendant, the Port Authority of New York & and New Jersey.

## CROSS CLAIMS AGAINST THE PORT AUTHORITY

Defendant David Wildstein, by cross claims against Defendant the Port Authority of New York and New Jersey, says:

### COUNT ONE
### (Defense and Indemnification)

Defendant Wildstein has a legal right to defense and indemnification from Defendant the Port Authority.

Defendant Wildstein has advised counsel for the Port Authority of his right to such defense and indemnification.

Defendant Michael Fedorko, who is similarly situated to Defendant Wildstein, has been provided defense and indemnification, while Defendant Wildstein has not.

Therefore, Defendant Wildstein hereby asserts cross claims for Defense and Indemnification from Defendant the Port Authority.

**WHEREFORE**, Defendant Wildstein demands judgment in his favor on all his cross claims against the Defendant, the Port Authority, in whole or in part, for contribution, defense and indemnification, plus interest, attorney fees, costs of suit and any further relief the Court deems just and proper.

## COUNT TWO
### (Indemnification and Contribution)

Pursuant to F.R.C.P. 13(g) Defendant Wildstein hereby assorts cross clams for contribution and indemnification from Defendant the Port Authority:

Should Defendant Wildstein be found liable, in whole or in part, to the co-Defendant the Port Authority on any claim in the Verified Complaint, Defendant the Port Authority is liable to Defendant Wildstein, in whole or in part, for contribution and/or indemnification, plus interest, attorney fees, costs of suit, and any further relief that the Court deems just and proper.

**WHEREFORE**, the Defendant Wildstein demands judgment in his favor on all his cross claims against the Defendant, the Port Authority, in whole or in part, for contribution, defense and indemnification, plus interest, attorney fees, costs of suit and any further relief the Court deems just and proper.

## JURY DEMAND

Defendant Wildstein hereby demands a trial by jury on all issues so triable.

## DESIGNATION OF TRIAL COUNSEL

Defendant Wildstein hereby designates Alan L. Zegas, Esq., as trial counsel in the above matter.

## LOCAL RULE 11.2 CERTIFICATION

I hereby certify that, to the best of my knowledge, the matter in controversy is not the subject of any other action pending in any other court, or of any pending arbitration or administrative proceeding.

LAW OFFICES OF ALAN L. ZEGAS

Alan L. Zegas, Esq.
552 Main Street
Chatham, NJ 07928
973-701-7080

Attorneys for Defendant
David Wildstein

Dated: January 14, 2015